# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| **TORRANCE LAMAR STEWART,** | **PLAINTIFF** |
| **V.** | **NO. 1:06CV213-M-D** |
| **BILL STENNETT,** | **DEFENDANT** |

## OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently incarcerated in the Woodville County Correctional Facility, files this complaint pursuant to 42 U.S.C. § 1983. Plaintiff, however, does not take issue with the conditions of his confinement. Rather, Plaintiff is seeking compensatory damages from his trial attorney, Bill Stennett, based on ineffective assistance of counsel arguments.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

Any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under §1983. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). The relief sought by the prisoner or the label he places upon the action is *not* the governing factor. *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir.) (emphasis added).

Plaintiff's claim that Mr. Stennett rendered ineffective assistance at the trial level is without merit. It is well established that some form of state action must be involved before a Section 1983 claim can proceed. 42. U.S.C. 1983; *Polk County v. Dodson*, 454 U.S. 312 (1981). In other words, absent state action there can be no Section 1983 liability. Plaintiff has not alleged any state involvement in his complaint. Therefore, Plaintiff has failed to state a claim upon which relief may

be granted and his claim shall be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

Even if the court elected to treat the complaint as a habeas corpus petition, there is no indication whatsoever that Plaintiff has exhausted state court remedies. It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies. 28 U.S.C. § 2254(b)(1) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner,* 404 U.S. 270 (1971); *Dispensa v. Lynaugh,* 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle,* 677 F.2d 427, 443-44 (5th Cir. 1982)). Until Plaintiff does this he is ineligible to pursue habeas corpus relief in this court.

A final judgment in accordance with this opinion will be entered.

THIS the 13th day of September, 2006.

      /s/ Michael P. Mills
      **UNITED STATES DISTRICT JUDGE**